# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

|  |  |
|---|---|
| SHEILA ALLEN, et al.,<br>    Plaintiffs<br>v.<br><br>J.P. MORGAN CHASE BANK, N.A.<br>    Defendant. | Case No. 15-3425<br><br>On Appeal from the United States<br>District Court for the Northern District<br>of Illinois, Eastern Division<br><br>Case No. 1:13-cv-08285<br><br>Rebecca R. Pallmeyer, District Court Judge |

## RESPONSE TO CIRCUIT RULE 46(d) MOTION BY CLASS PLAINTIFFS-APPELLEES TO SUSPEND AND STRIKE ATTORNEY CHRISTOPHER BANDAS

### Introduction

Cir. R. 46(d) provides, in relevant part: "[w]henever it is shown to this court that any members of its bar have been disbarred or suspended from practice, or their names have been stricken from the roll of attorneys, in any state, or the District of Columbia, they will be forthwith suspended from practice before this court."

Class plaintiffs, by counsel, have made a motion in the above-case under this rule to suspend me, Christopher A. Bandas, from practice before this Court based

upon a sanction order resulting in the revocation of my *pro hac vice* privilege over two years ago by a United States District Court in the Western District of Washington.

Class counsel misinterpret Rule 46(d). As shown below, Cir. R. 46(d) does not apply to me because I have never been disbarred, suspended or stricken from the roll of attorneys in any state or the District of Columbia. A sanction resulting in the revocation of my *pro hac vice* privilege by a federal district court does not invoke Rule 46(d) by its plain language and, likewise, does not trigger the severe penalty of Cir. R. 46(d).

## Argument

I am currently a member in good standing with the State Bar of Texas. *See* Exhibit A. I have been licensed in Texas continuously since 1993. *Id.* I have never been disbarred by the State Bar of Texas nor have I ever had my law license suspended by the State Bar of Texas. *Id.* I have never had my name "stricken from the roll of attorneys" licensed to practice law in the State of Texas. *Id.* I have never applied to become a member of the state bar of any state other than Texas; nor have I applied to the bar of the District of Columbia. *Id.* I am not currently and never have been a member of the state bar of any state other than Texas. *Id.* I am not currently and never have been a member of the bar of the District of Columbia. *Id.*

Consequently, I have never been disbarred, suspended or "stricken from the roll of attorneys" in any state or the District of Columbia. Therefore, by its plain language, Cir. R. 46(d) does not apply to me; and, furthermore, the rule is not, and

cannot be, invoked by the sanction entered against me by the federal district court in *Clear Wire*.

I do not discount the seriousness of a sanction by a court for failing to comply with a court-ordered deadline and it is correct that I was sanctioned in the *Clear Wire* case for doing just that by a United States District Court in Washington, where I had been admitted to practice *pro hac vice*. *See* Exhibit B; Exhibit C. A bond order was entered by the district court and I was sanctioned for failing to post a bond within the time period specified by the district court's order in the context of unsuccessfully trying to obtain emergency relief from the bond order in the Ninth Circuit. *Id*. The sanction resulted in the rescission or revocation of my *pro hac vice* privilege to practice in that court as I was not a full-fledged member of that court but rather I was admitted *pro hac vice*. *See* Exhibit B. I have tried to provide what I believe are the relevant documents from *Clear Wire* to this Court as Exhibits but should the Court have additional questions I am grateful for the opportunity to respond to those.

## Conclusion

In summary, Cir. R. 46(d) does not apply to me. Therefore, I respectfully request that I be maintained on the roll of attorneys admitted to practice before this Court and that class counsel's improper request be denied. In the event the Court should disagree, I would respectfully request the opportunity to show cause upon 30 days' notice why I should be not be stricken from the roll of attorneys admitted to practice before this Court and, to the extent that this is not the appropriate procedural

vehicle by which to respond, I respectfully request an opportunity to do so in whatever manner this Court deems appropriate.

 Finally, because class counsel's request is improper by the plain language of Rule 46(d) and filed to hurt an opponent lawyer and to gain an advantage in a civil appeal by suspending an opponent lawyer's ability to practice law in general, I respectfully request that class counsel be sanctioned in such a manner as to deter such improper behavior in the future.

Dated:  November 20, 2015   Respectfully submitted,

               /s/ *Christopher A. Bandas*
               Christopher A. Bandas
               BANDAS LAW FIRM, P.C.
               500 N. Shoreline Blvd., Suite 1020
               Corpus Christi, Texas 78401-0353
               (361) 698-5200 Telephone
               (361) 698-5222 Facsimile
               Email: cbandas@bandaslawfirm.com

               *ATTORNEYS FOR APPELLANT*
               *ROBERT BURACK*

## Certificate of Service

I hereby certify that on November 20, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Christopher A. Bandas*
Christopher A. Bandas