## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| SHEILA ALLEN, individually and on behalf of all others similarly situated,<br><br>    Class Plaintiffs - Appellees,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>    Defendant – Appellee,<br><br>APPEAL OF: RUBERT BURACK,<br><br>    Objecting Class Member. | No. 15-3425<br><br>Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, NO. 13 CV 8285<br><br>Rebecca R. Pallmeyer, Judge |

### REPLY TO OBJECTOR ATTORNEY'S REPONSE TO CLASS-PLAINTIFFS' CIRCUIT RULE 46(d) MOTION BY CLASS PLAINTIFFS-APPELLEES TO SUSPEND AND STRIKE OBJECTOR ATTORNEY CHRISTOPHER BANDAS

Cir. R. 46(d) states:

> Whenever it is shown to this court that any members of its bar have been disbarred or suspended from practice, **or** their names have been stricken from the roll of attorneys, in any state, or the District of Columbia, they will be forthwith suspended from practice before this court.  [emphasis added]

In his response, objector attorney Christopher Bandas argues that Cir. R. 46(d) does not encompass his revocation to practice law from a federal district court.

This is a cramped interpretation of the Rule, in which it should be obvious that Cir Rule 46(d) applies to either an attorney that has 1) been disbarred or suspended from practice or 2) their names have been stricken from the roll of attorneys, in any state. Along these lines, the "in any state" language is meant to modify the "stricken from the roll of attorneys" language and does not modify either "disbarred or suspended" language. See O'Kane v. Apfel, 224 F.3d 686, 690 (7th Cir. 2000) (identifying the "last antecedent rule of statutory construction which holds . . . that where one phrase of a statute modifies another, the modifying phrase applies only to the phrase immediately preceding it") (internal citations omitted); see also Shelby County State Bank v. Van Diest Supply Co., 303 F.3d 832, 836 (7th Cir. 2002) (applying the last antecedent rule of statutory construction and holding that a modifying phrase contained in a statute applies only to the phrase immediately preceding it).

    Mr. Bandas ignores the last antecedent rule of statutory construction and apparently takes the position that the "in any state" language modifies both "disbarred or suspended" as well as "stricken from the roll." But that ignores the disjunctive "or." Such an interpretation would require the Rule to read "**by** any state," and not "**in** any state." (emphasis added). It would be illogical for

the drafters of the Circuit Rules to treat being suspended or disbarred from a federal district court any differently than being suspended or disbarred from a state court – it is the misconduct that matters, not the forum. And the documents attached by Mr. Bandas support the fact that not only was his *pro hac vice* admission revoked in the Clearwater case, but that his authorization to practice generally in the U.S. District Court for the Western District of Washington was revoked and he was effectively disbarred.

    Finally, Mr. Bandas seeks sanctions under the theory that the instant motion was filed for improper reasons. First, even if this Court agrees with Mr. Bandas that discipline by a federal court is not encompassed under the Rule, Plaintiffs' reading of the Rule and conclusion that discipline imposed by federal courts would not be treated any differently than discipline imposed by state courts was reasonable. Moreover, there is absolutely no evidence that the instant motion was brought for an "improper purpose," unlike the *quid-pro-quo* ransom demands that form the basis Mr. Bandas' practice (as detailed by the Federal Judicial Center and federal district courts across the U.S.). Mr. Bandas' Illinois co-counsel appeared and filed the objections before the district court, and he is

fully capable of continuing to pursue the appeal.  In other words, striking Mr. Bandas from the roll should not impact the underlying appeal.

| | |
|---|---|
| Dated: November 23, 2015 | For Class Plaintiffs-Appellees |
| /s/ Alejandro Caffarelli | |
| Caffarelli & Associates Ltd. | Keith J. Keogh |
| 224 S. Michigan Ave., Suite 300 | Keogh Law, Ltd. |
| Chicago, Illinois 60604 | 55 West Monroe St., Ste. 3390 |
| Telephone (312) 763-6880 | Chicago, IL 60603 |
| Fax (312) 577-0720 | Telephone: (312) 726-1092 |
| acaffarelli@caffarelli.com | |

## CERTIFICATE OF SERVICE
**Certificate of Service When All Case Participants Are CM/ECF Participants**

I hereby certify that on ___November 23, 2015___, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/___Alejandro Caffarelli___

## CERTIFICATE OF SERVICE
**Certificate of Service When Not All Case Participants Are CM/ECF Participants**

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

counsel / party:　　　　　　　　　　address:
_____　　_____
_____　　_____
_____　　_____
_____　　_____
_____　　_____
_____　　_____
_____　　_____

s/_____