## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

|  |  |
|---|---|
| SHEILA ALLEN, et al.,<br>　　　　Plaintiffs<br>v.<br>J.P. MORGAN CHASE BANK, N.A.<br>　　　　Defendant. | Case No. 15-3425<br><br>On Appeal from the United States<br>District Court for the Northern District<br>of Illinois, Eastern Division<br><br>Case No. 1:13-cv-08285<br><br>Rebecca R. Pallmeyer, District Court Judge |

### LIMITED SUR-REPLY TO CIRCUIT RULE 46(d) MOTION RELATED TO "LAST ANTECEDENT RULE" OF STATUTORY CONSTRUCTION

This limited sur-reply is being filed only to address the "last antecedent rule" of statutory construction raised by class counsel in its reply filed on this same date. The relevant portion of Circuit Rule 46(d) provides as follows:

> (d) *Striking a Name from the Roll of Attorneys*. Whenever it is shown to this court that any members of its bar have been disbarred or suspended from practice, or their names have been stricken from the roll of attorneys, in any state, or the District of Columbia, they will be forthwith suspended from practice before this court.

Class counsel's entire reply hinges on its misleading application of a rule of statutory construction called the "last antecedent rule." Class counsel assert that,

under this principle of statutory construction, "the 'in any state' language [above] is meant to modify the 'stricken from the roll of attorneys' language and does not modify either [sic] 'disbarred or suspended' language." Reply at 2. However, as class counsel is certainly aware, the "last antecedent rule" only applies if the modifying phrase is *not* separated from the immediately preceding noun or phrase by a comma. *See, eg., In re Tyco International, Ltd.*, 322 F. Supp.2d 116, 119-20 (D.N.H. 2004) (citing authorities); *see also In re R.E. Loans, LLC*, 2012 WL 3262767, *2 (Bankr. S.D. Tex. 2012) (citing authorities). Therefore, the phrase "in any state" does modify the "disbarred or suspended" language because the phrase "stricken from the roll of attorneys" is clearly set off by a comma from the modifying language "in any state." *See* Cir. R. 46(d) ("stricken from the roll of attorneys, in any state…"). Therefore, because it is uncontroverted that I was never disbarred, suspended or stricken from the roll or attorneys "in any state," Cir. R. 46(d) does not apply to me.

　　I respectfully request that I be maintained on the roll of attorneys admitted to practice before this Court and that class counsel's improper request be denied. In the event the Court should disagree, I would respectfully request the opportunity to show cause upon 30 days' notice why I should be not be stricken from the roll of attorneys admitted to practice before this Court and, to the extent that this is not the appropriate procedural vehicle by which to respond, I respectfully request an opportunity to do so in whatever manner this Court deems appropriate.

Finally, because class counsel's request is improper by the plain language of Rule 46(d) and filed to hurt an opponent lawyer and to gain an advantage in a civil appeal by suspending an opponent lawyer's ability to practice law in general, I respectfully request that class counsel be sanctioned in such a manner as to deter such improper behavior in the future.

Dated:  November 23, 2015    Respectfully submitted,

/s/ *Christopher A. Bandas*
Christopher A. Bandas
BANDAS LAW FIRM, P.C.
500 N. Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
(361) 698-5200 Telephone
(361) 698-5222 Facsimile
Email: cbandas@bandaslawfirm.com

*ATTORNEYS FOR APPELLANT ROBERT BURACK*

## Certificate of Service

I hereby certify that on November 23, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

>                             /s/ *Christopher A. Bandas*
>                             Christopher A. Bandas