UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| SHEILA ALLEN, et al., <br>       Plaintiffs <br> v. <br> J.P. MORGAN CHASE BANK, N.A. <br>       Defendant. | Case No. 15-3425 <br><br> On Appeal from the United States <br> District Court for the Northern District <br> of Illinois, Eastern Division <br><br> Case No. 1:13-cv-08285 <br><br> Rebecca R. Pallmeyer, District Court Judge |

**EMERGENCY MOTION TO STAY APPEAL BOND**

Pursuant to Federal Rule of Appellate Procedure 8, Appellant Robert Burack moves to stay an appeal bond. The district court has ordered Appellant Burack and his undersigned counsel, "jointly and severally," to post an appeal bond under Federal Rule of Appellate Procedure 7 ("FRAP 7") in the amount of $121,886 by Monday, December 7, 2015.[1] Therefore, Appellant Burack respectfully requests that this Court issue a decision on this motion to stay by no later than Friday, December 4, 2015, the last business day before the Monday the bond is due.

---

[1] Although the November 12 minute entry granting the bond motion does not specify a date, the motion for bond requests the bond be posted by December 7, 2015. *See* Exhibits A and C. It also bears mentioning that the bond motion requests "Class Plaintiff [sic] respectfully requests that this Court require Objector Robert Burack and Christopher Bandas to jointly and severally post an appeal bond of $121,886 no later than Monday, December 7, 2015." Because the bond order simply grants the bond motion in its entirety, it appears Appellant Burack's undersigned counsel is jointly liable for the six-figure bond despite the fact that FRAP 7 does not contemplate or permit this result.

## INTRODUCTION

Class plaintiffs, through counsel, have obtained a six-figure FRAP 7 appeal bond "jointly and severally" against Appellant Burack and his undersigned counsel in the court below that is due on or before December 7, 2015, which if not posted timely could result in sanctions and/or the dismissal of this appeal. If the six-figure bond is allowed to stand, class plaintiffs and class counsel will likely successfully avoid the merits of this appeal being decided by this Court and will have provided a roadmap for themselves and other class counsel to follow in the future to avoid appellate review on class settlements in this Circuit.

## PROCEDURAL BACKGROUND AND EXHIBITS

Appellant Burack filed an appeal of the district court's approval of a class action settlement on or about October 29, 2015. That appeal is Docket No. 15-3425. Appellant Burack's opening brief in that appeal is presently due on January 19, 2015.

On November 9, 2015, class plaintiffs, through counsel, requested an appeal bond in the amount of $121,886, pursuant to FRAP 7, and set the bond matter for hearing on November 12, 2015. *See* Exhibit A. On November 10, 2015, Appellant Burack filed his response to the bond motion. *See* Exhibit B. Among other things, Appellant Burack's response objected to the lack of timely notice on the bond motion. *Id.* On November 12, 2015, the district court granted the request for a $121,886 bond in a minute entry. *See* Exhibit C. There is no other formal, written order on the bond other than the minute entry.

Appellant Burack appealed the bond order on November 30, 2015 in a supplemental notice of appeal, and had previously moved to stay the bond order on

November 25, 2015. *See* Exhibits D and E. The district court has not yet ruled on the motion to stay as of the time of this filing. Appellant Burack's local counsel in the district court was informed that the Honorable Rebecca R. Pallmeyer is not available until December 7, 2015 to entertain the motion to stay filed in the district court. The November 30 appeal has not been consolidated with the October 29 appeal, but Appellant Burack would have no opposition to the Court consolidating the appeals in the interest of judicial economy.

Exhibit F is an emergency motion to stay raising a similar issue under FRAP 7 before this Court in a different case (Appeal of Franklin DeJulius, 13-1477); Exhibit G is an order granting the emergency motion to stay in the *DeJulius* case. It is believed that, while the *DeJulius* case granted the emergency motion to stay, that case did not resolve the ultimate issue of what costs are properly included in a FRAP 7 bond and, therefore, that issue remains a question of first impression in this Circuit.

## ARGUMENT

In December 2014, the Tenth Circuit resolved the issue of what costs are properly included in a FRAP 7 bond and, in so doing, provided a comprehensive survey of the circuit courts of appeal that had already resolved that issue. *See Tennille v. Western Union Co.*, 774 F.3d 1249 (10th Cir. 2014). The court observed that:

> [a]lthough Plaintiffs can point to several unreported district court cases imposing appeal bonds that cover delay damages or increased administrative costs to maintain a class settlement pending appeal, we do not find the reasoning of those cases persuasive in light of the unanimous circuit authority restricting an appeal bond to costs expressly permitted by rule or statute.

3

*Id.* at 1256.  According to this survey conducted by the Tenth Circuit, the following circuit courts of appeal have already resolved this issue: First, Second, Third, Fifth, Sixth, Ninth, Eleventh and D.C.  Now in *Tennille,* the Tenth Circuit has resolved this issue as well.  Although there is some variance among the circuit courts on nuances of FRAP 7, no circuit court of appeals to entertain this issue has permitted a FRAP 7 bond such as the $121,886 bond in the instant case.  It appears this issue has never been resolved by this Circuit.

The FRAP 7 bond in the instant case is for $121,886.  That amount is broken down in class plaintiffs' bond motion as follows: (1) $47,386 in interest, (2) $49,500 in additional costs of administration, and (3) $25,000 in potential costs in pursuant to Rule 39(e).  *See* Exhibit A at 10.  The $47,386 in interest and the $49,500 in additional administration costs are categorically not potential costs permitted by rule or statute and, therefore, would not be permitted under FRAP 7 in every circuit court of appeals to ever entertain this issue.  Indeed, these amounts (interest and increased administrative costs) are the very essence of "delay damages" and would, therefore, not be includable in a FRAP 7 bond in any circuit to have resolved this question.

With respect to the remaining $25,000, while Rule 39(e) costs are certainly includable in a FRAP 7 bond; a party seeking a bond for Rule 39(e) costs cannot just make up a number out of thin air, which is what class plaintiffs did here.  In *Tennille*, that is precisely why the Tenth Circuit reduced the $25,000 under Rule 39(e) to $5,000.  *Tennille* at 1257-58.  Appellant Burack objected in the court below for lack of adequate evidence to support the $25,000 amount and, thinking that it would expedite the matter, agreed to a $5,000 bond.  *See* Exhibit B at 4.  Appellant Burack now respectfully requests

that this Court stay the bond order in the court below and to resolve this important issue of first impression in this Circuit. If this Court does not grant a stay, this appeal will likely be dismissed due to the existence of this six-figure appeal bond that is due December 7, 2015. At minimum, this appeal bond is an unfair "appeal tax" that will have a chilling effect on the ability to appeal the approval of class action settlements in the future.

## CONCLUSION

WHEREFORE, this Court should grant this motion to stay, thus permitting this appeal to go forward, and proceed to resolve the issue of first impression presented by this appeal, namely, the definition of the term "costs on appeal" found in FRAP 7 and whether those costs may include delay damages such as those imposed by the court below in the absence of a rule or statute permitting the same.

Dated: November 30, 2015        Respectfully submitted,

/s/ *Christopher A. Bandas*
Christopher A. Bandas
BANDAS LAW FIRM, P.C.
500 N. Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
(361) 698-5200 Telephone
(361) 698-5222 Facsimile
Email: cbandas@bandaslawfirm.com

*ATTORNEYS FOR APPELLANT
ROBERT BURACK*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 30th day of November, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system thus effectuating service of such filing all ECF registered attorneys in this case.

*/s/ Christopher A. Bandas*
Christopher A. Bandas
